McKinney, J.,
delivered the opinion of the Court.
The plaintiffs, who are warehousemen and tobacco-dealers, in the town of Clarksville, sold to the defendant at public auction, in May, 1851, twenty-six hogsheads of tobacco, amounting to upwards of $2000 00. The defendant failed to complete his purchase, by receiving and paying for the tobacco according to the terms of sale. Some four or five days after the sale, and after demand of payment, which was not made, the plaintiffs, without doing anything further to have the contract either perfected or rescinded, shipped the tobacco, which had not been removed from their warehouse, in their own name, and on their own account, to New Orleans, where it was sold for something over $1500 00. And to recover the difference between the price for which the tobacco was sold to the' defendant, and the sale at New Orleans, this action of - debt was brought on the 28th ■ of August, 1855. .
The Circuit Judge held, on the trial, that the plaintiffs were not entitled to recover, and verdict and judgment were for the defendant.
This judgment, it is insisted, is erroneous. We do not think so. If goods have been bargained a,nd sold by a valid contract, so that the right - of property has thereby passed' to the purchaser, the failure of the latter to receive and pay for the goods, at the time and *720 in the manner agreed upon, will not have the effect' of rescinding the contract and revesting the right of property-in the vendor, so as to entitle him to re-sell the goods, without something more on his part.
In such case, the seller has an election to proceed, either in an action for goods bargained and sold, to recover the price stipulated to be paid; or, he may give the purchaser notice of his intention to re-sell the goods, within a reasonable time from the service of such notice; and if, after notice, the purchaser will not take the goods or pay the price, the seller is not bound to keep them to his own injury, but may re-sell them, and the purchaser will be held to have assented, and to have given the seller an implied authority to re-sell, and he will be responsible for the reasonable loss, if any, as also for the expenses of the re-sale; that is, the difference between the price obtained on such re-sale, and that originally agreed to be paid by the purchaser.
But, the seller cannot, after such re-sale, bring an action for the price of the goods bargained and sold, but must sue upon the contract, for the damages sustained by reason of the purchaser’s failure to complete his contract, and to recover the loss and expenses of the re-sale.
The plaintiffs in the present case, not having re-vested the right of property in themselves, in the method before stated, it must be considered that, in assuming the ownership of the tobacco, by the shipment and sale thereof' at New Orleans, they acted either in their own wrong, or that by the implied assent' of the parties, the contract was rescinded. And upon either *721 assumption, the result is the same, as regards the right of the plaintiffs to recover in the present action. For, if they -were wrong-doers in shipping and re-selling the tobacco, it is conceded they have no right to recover; and if by mutual agreement, express or implied, the contract was rescinded, and they shipped and sold the tobacco as their own property, and on their own account, it is equally clear, that they have no ground of action. The voluntary rescission of the contract, was a waiver and abandonment of all right to damages for the. alleged breach thereof.
As to the form of action adopted in the present case, no question properly arises, the action having failed; and, in the view we have taken of the case, no action, in any form, being maintainable.
The result is, that whatever error' there may he in the record, is in favor • of, not against the plaintiffs, and the judgment must be affirmed.